O

# United States District Court
# Central District of California

CHRISTIAN GADBOIS,

        Plaintiff,

    v.

PHI HEALTH, LLC et al.,

        Defendants.

Case № 2:22-cv-08772-ODW (JCx)

**ORDER DENYING MOTION TO DISMISS OR TRANSFER [13]**

## I.    INTRODUCTION

Plaintiff Christian Gadbois brings this action alleging discrimination, retaliation, breach of contract, and wrongful termination against his former employers PHI Health, LLC and PHI Aviation, LLC (together, "PHI" or "Defendants"). Defendants move to dismiss or transfer venue pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) and 28 U.S.C. § 1406, or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a).  (Mot. Dismiss or Transfer ("Motion" or "Mot."), ECF No. 13-1.)  For the following reasons, the Court **DENIES** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

Gadbois is a pilot who lives in Santa Clarita, California. (*See* Decl. Christian Gadbois ISO Opp'n ("Gadbois Decl.") ¶¶ 2–3, ECF No. 14-2.) PHI Health and PHI Aviation are limited liability companies which own or operate airbases throughout California and the country; they are headquartered in Arizona and Louisiana, respectively. (Decl. Maria Costella ISO Removal Notice ¶¶ 3–4, 8–9, ECF No. 1-4; Gadbois Decl. ¶¶ 6, 9, 18–19.)

From February 3, 2020, to July 14, 2020, PHI Health employed Gadbois at PHI's airbase in Susanville, California. (Gadbois Decl. ¶¶ 2, 6, 10; Decl. Maria Costella ISO Mot. ("Costella Decl.") ¶ 4, ECF No. 13-3.) In July 2020, PHI closed their Susanville airbase and terminated Gadbois's contract. (Gadbois Decl. ¶¶ 10–11; Costella Decl. ¶ 5.) In August 2020, Gadbois executed an agreement to release any claims he had against PHI Health relating to his employment in exchange for a severance package. (Gadbois Decl. Ex. B ("Severance Agreement"), ECF No. 14-2.) On August 17, 2020, PHI Health rehired Gadbois to fly out of PHI's Columbus, Mississippi airbase. (Costella Decl. ¶ 7.; Gadbois Decl. Ex. C ("Employment Offer"), ECF No. 14-2.) While employed in Mississippi, Gadbois learned of an open position at PHI's airbase in Redding, California, and sought reassignment there. (Gadbois Decl. ¶¶ 19–20.) However, on September 29, 2020, PHI terminated Gadbois's employment. (Costella Decl. ¶ 8; Gadbois Decl. ¶ 21.)

On September 28, 2022, Gadbois initiated this action in Los Angeles County Superior Court. (*See generally* Removal Notice Ex. A ("Compl."), ECF No. 1-1.) He alleges claims against Defendants for discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), retaliation in violation of FEHA, retaliation in violation of the California Labor Code, breach of employment contract, breach of contract relating to a third-party beneficiary, and wrongful termination in violation of public policy. (*Id.* ¶¶ 41–95.) On December 2, 2022, Defendants removed the action to this Court. (Removal Notice, ECF No. 1.)

Defendants move to dismiss or transfer this action based on improper venue, pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406, or in the alternative, to transfer based on inconvenient forum, pursuant to 28 U.S.C. § 1404(a). (Mot. 1.) The Motion is fully briefed. (Opp'n, ECF No. 14; Reply, ECF No. 15.)[2]

### III.   LEGAL STANDARD

Rule 12(b)(3) provides that a complaint may be dismissed for "improper venue." Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). A plaintiff need only make a prima facie showing of proper venue to avoid the defendant's motion to dismiss. *Nissan Motor Co. v. Nissan Comput. Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000), *aff'd*, 246 F.3d 675 (9th Cir. 2000).

Even where venue is proper, "a district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) "gives a district court broad discretion to transfer a case to another district where venue is also proper." *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge."). "The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice." *Amini Innovation*, 497 F. Supp. 2d at 1109. "[T]he purpose of [§ 1404] is to prevent the

---

[2] Gadbois objects to declarations Defendants file in support of the Reply. (Pl.'s Objs., ECF No. 17.) The Court **SUSTAINS** Gadbois's objection number 11, only to the extent that the evidence objected to in the declarations is "new." *See Edwards v. Toys "R" US*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) ("Evidence is not 'new' . . . if it is submitted in direct response to proof adduced in opposition to a motion." (citing *Terrell v. Contra Costa County*, 232 Fed. Appx. 625, 629 n.2 (9th Cir. Apr. 16, 2007))). Moreover, the Court **OVERRULES** objection numbers 1–10 as moot or not well taken. To the extent the Court relies on material to which Gadbois objects, the Court finds such evidence is not new or susceptible to Gadbois's further objections.

waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)).

## IV. DISCUSSION

Defendants argue that the Court must dismiss or transfer pursuant to § 1406 or, in the alternative, that the Court should transfer venue to the Northern District of Mississippi pursuant to § 1404. (*See generally* Mot.) Gadbois argues that the Central District of California is a proper venue, and the Court should not dismiss or transfer the case. (*See generally* Opp'n.)

### A. Venue—28 U.S.C. § 1406 and Rule 12(b)(3)

Defendants first argue that the District Court for the Central District of California is an improper venue and the Court must therefore dismiss or transfer the case. (Mot. 3–7.)

When a case is originally filed in state court and a defendant removes it to federal court, 28 U.S.C. § 1441(a) governs whether venue is proper. *Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665–66 (1953). "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.* at 666. When venue is determined to be improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Gadbois initiated this action in the Superior Court of the State of California, County of Los Angeles, which this Court embraces. As a result, venue properly lies here in the Central District of California. *See Prestar Fin. Corp. v. Infraegis, Inc.*, No. 8:09-cv-899-AG (RNBx), 2009 WL 3425348, at *1 (C.D. Cal. Oct. 19, 2009) ("[W]hen an action is voluntarily removed from state court by [a] defendant[], as this case was, venue is automatically proper in the federal district court located where the

state action was filed."). Defendants' assertion that the Court must apply 28 U.S.C. § 1391 rather than § 1441(a) to evaluate venue here is simply incorrect. *See Polizzi*, 345 U.S. at 665–66 (discussing that § 1391 is a general venue statute that does not apply in removed actions and that venue in removed actions is governed by § 1441(a)).

Accordingly, the Court **DENIES** Defendants' Motion to dismiss or transfer pursuant to Rule 12(b)(3) and § 1406.

**B.     Convenience Transfer—28 U.S.C. § 1404**

Defendants next argue the Court should transfer this case to the Northern District of Mississippi pursuant to § 1404. (Mot. 7–14.)

A district court may transfer an action to another district court (the "transferee court") if (1) the action originally might have been brought in the transferee court, and (2) the convenience of parties and witnesses, and the interests of justice, favor transfer. 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). "Substantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors . . . weigh heavily in favor of venue elsewhere." *Catch Curve, Inc. v. Venali, Inc.*, No. 2:05-cv-04820-DDP (AJWx), 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006) (citing *Sec. Inv. Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)). "The party seeking the transfer bears the burden of persuasion." *Id.*

*1.     Bringing the Action in the Transferee Court*

An action originally might have been brought in a transferee court when, at the time the action commenced, the transferee court (1) possessed subject matter jurisdiction over the action, (2) had personal jurisdiction over the parties, and (3) was a proper venue. *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 760 (C.D. Cal. 2016) (citing *A.J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist. Cal.*, 503 F.2d 384, 386–88 (9th Cir. 1974)).

Defendants plausibly assert that the Northern District of Mississippi, at the time the action commenced, would have possessed subject matter jurisdiction over the action, would have had personal jurisdiction over the parties, and would have been a proper venue. (Mot. 8–9.) Gadbois does not dispute this or oppose the Motion on these bases. (*See generally* Opp'n.) Accordingly, the Court accepts for the purposes of this Motion that the action originally might have been brought in the Northern District of Mississippi.

### 2. *Convenience of the Parties and Witnesses, and Interests of Justice*

The court must next determine whether the convenience of the parties, witnesses, and the interests of justice favor transfer. 28 U.S.C. § 1404(a).

#### a. <u>Convenience of parties and witnesses</u>

"In the typical case . . . a district court considering a § 1404(a) motion . . . must evaluate . . . the convenience of the parties . . . ." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49, 62 (2013). However, a transfer is not appropriate merely to shift the inconvenience from one party to another. *Amini Innovation*, 497 F. Supp. 2d at 1110. For instance, where a plaintiff is a private individual and a defendant is a large corporation, it is generally easier for such a corporation to travel for litigation than the individual unless the costs of litigation are "prohibitively expensive." *Miracle v. N.Y.P. Holdings*, 87 F. Supp. 2d 1060, 1073 (D. Haw. 2000).

Here, Defendants are large corporations, and Gadbois is an individual. Therefore, it will be generally easier for Defendants to travel for litigation than for Gadbois. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993) (finding that a large corporation could more easily travel for litigation than could individuals who were parties to the action). Further, Defendants have not shown that the litigation expenses they face by litigating in California will be "prohibitive." As a result, Defendants fail to establish that a transfer to the Northern District of Mississippi would amount to anything more than a shift of inconvenience from Defendants to Gadbois. Thus, this factor does not favor transfer.

1    The Court must also consider the convenience of the witnesses under § 1404. 28 U.S.C. § 1404.  The convenience of witnesses is "the most important factor" in considering a transfer motion.  *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981).  At issue is "not simply how many witnesses each side has and the location of each, but also the importance of the witnesses."  *In re Yahoo! Inc.*, No. 2:07-cv-3125-CAS (FMOx), 2008 WL 707405, at *3 (C.D. Cal. Mar. 10, 2008) (quoting *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)).  The moving party "must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them."  *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005).

First, Defendants contend that additional witnesses that will be identified through discovery in this action would likely be located in Mississippi, and thus the Central District of California would likely impose a burden on them.  (Reply 8.) However, Defendants' speculation regarding the location of unidentified potential witnesses is irrelevant and insufficient to satisfy Defendants' burden, which is to identify specific witnesses and reasons that this forum would pose a hardship.  *See Bohara*, 390 F. Supp. 2d at 963.

Next, Defendants identify several anticipated witnesses, their areas of testimony, and the relevance of their testimony.  (Reply 5–8.)  Defendants identify three witnesses in California, five in Arizona, three in Mississippi, and three more in Minnesota, Alabama, and Texas, respectively.[3]  Defendants contend that several specific witnesses would offer only minimally relevant testimony,[4] and that the

---

[3] Witness Duke Baker's location is in dispute.  Gadbois locates Baker in California, (Gadbois Decl. ¶ 24), and Defendants locate Baker in Mississippi, (Suppl. Decl. Maria Costella ISO Reply ¶ 9, ECF No. 15-1).  For the purposes of this analysis, the Court assumes that Baker is located in Mississippi as Defendants assert.

[4] For instance, Defendants argue that Gadbois's wife's testimony would be "marginal and self-serving."  (Reply 6–7.)  At this early stage in the litigation, the Court is unpersuaded that her testimony would be marginal or self-serving, especially as it relates to Gadbois's emotional harm.

remaining witnesses would be burdened by traveling to California. (*Id.*) Accepting this argument as true for the moment, and disregarding the witnesses Defendants deem minimally relevant, there are five relevant witnesses in California and Arizona and five relevant witnesses in Texas, Alabama and Mississippi.[5] Thus, an equal number of witnesses will be inconvenienced in either forum. To break the tie, the Court reintroduces the witnesses Defendants deem minimally relevant to the equation. These witnesses are all located in California and Arizona, making the Central District of California the least geographically burdensome venue for all witnesses, on the whole. As a result, this factor does not favor transfer.

b. The interests of justice

In evaluating the interests of justice, courts may consider the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Courts may also consider "the administrative difficulties flowing from court congestion [and] the 'local interest in having localized controversies decided at home.'" *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The Court considers the relevant factors in turn.

<u>Familiarity with governing law</u>: In diversity cases, the court must determine which venue would be most familiar with the law governing the action. *Van Dusen*, 376 U.S. at 645. This factor "does not ask whether a court is equally capable" of

---

[5] There is one relevant witness in Minnesota, but this witness will likely find either potential venue equally inconvenient.

applying a state's laws; rather this factor "focuses on the *familiarity* of each forum with the applicable law." *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, No. C 06-2469 CW, 2006 WL 2868971, at *5 (N.D. Cal. Oct. 6, 2006) (emphasis added); *cf. Metz*, 674 F. Supp. 2d at 1148 (finding that judges in both California and New York were fully capable of applying New York substantive law).

Gadbois's causes of action are based primarily on California statutory law, including discrimination in violation of FEHA, retaliation in violation of FEHA, and retaliation in violation of California Labor Code. Courts in the Central District of California regularly adjudicate matters arising under these laws, and are thus familiar with the law governing the case. In contrast, it is reasonable that courts in the Northern District of Mississippi will adjudicate fewer cases arising under California law, and are thus less familiar with the law governing this case. Therefore, as this Court is more familiar with the law governing this case than courts in the Northern District of Mississippi, this factor does not favor transfer.

Local Interest: The venue where events occur has a local interest in having localized controversies tried at home. *Decker Coal*, 805 F.2d at 843; *see also Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1157 (N.D. Cal. 2009) (finding that one district's local interest was stronger "because the events at issue took place there"). The events relevant to Gadbois's allegations and causes of action took place in Mississippi, pursuant to Gadbois's employment there. As such, Mississippi has a stronger local interest in this dispute and this factor favors transfer.

Access to Evidence: Nothing suggests that the transportation of evidence from Mississippi to California would be difficult; thus, this factor does not favor transfer. *See Bohara*, 390 F. Supp. 2d at 963 (finding that defendants must "show particularly the location [and] difficulty of transportation . . . of such records").

Costs of Litigation: Defendants fail to persuade the Court that the costs of litigation would be reduced if this case is heard in a Mississippi venue. The majority of witnesses are located in neither California nor Mississippi and will incur costs of

travel regardless of venue. Moreover, while no party is domiciled in Mississippi, Gadbois is domiciled in California, meaning the overall costs of litigation in Mississippi will be generally higher than in California. Finally, Defendants operate airbases throughout the country, meaning they will likely have a proximate base of operations available regardless of venue, thereby reducing the costs of litigation to Defendants from transfer. Thus, this factor does not favor transfer.

<u>Compulsory Process</u>: Defendants also fail to show that the compulsory process factor compels transfer. Defendants' employees make up the majority of the current list of witnesses and may be compelled to testify. *See, e.g.*, *Applied Elastomerics*, 2006 WL 2868971, at *4 (citing *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (noting that a company's employee witnesses can be compelled to testify)).

    c. <u>Conclusion—balancing factors</u>

Balancing the above factors, the Court finds that Defendants fail to demonstrate that the convenience of the parties and witnesses, and the interests of justice, warrant a transfer to the Northern District of Mississippi.

  3. *Plaintiff's Choice of Forum*

Finally, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors . . . weigh heavily in favor of venue elsewhere." *Catch Curve*, 2006 WL 4568799, at *1 (citing *Vigman*, 764 F.2d at 1317). Based on the analysis above, the Court finds that the convenience and justice factors do not weigh in favor of transferring venue. As a result, Gadbois' choice of venue is initially given substantial weight.

However, Gadbois's choice of forum "is not the final word," and is entitled to only minimal consideration "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Here, the facts underlying Gadbois's claims for breach of contract,

discrimination, retaliation, and wrongful termination occurred in Mississippi while he was employed by Defendants at their Mississippi airbase, not in California. Notably, Gadbois released Defendants from liability concerning his prior employment at Defendants' airbase in Susanville, California, so any allegations relating to that prior employment are irrelevant here. As the operative facts did not occur in California, Gadbois's chosen forum is entitled to only minimal deference.

### 4. Conclusion—Convenience Transfer § 1404

In sum, although the action could originally have been brought in the Northern District of Mississippi, Defendants fail to establish that the convenience of the parties and witnesses, and the interests of justice, favor transfer. Therefore, even giving Gadbois's choice of a California forum minimal deference, the Court finds transfer to Mississippi unwarranted. Accordingly, the Court **DENIES** Defendants' Motion for a convenience transfer pursuant to § 1404.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss or Transfer. (ECF No. 13.)

**IT IS SO ORDERED.**

July 12, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**